988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
$44,620.00 IN U.S. CURRENCY, Defendant,
Robert L. Wilhelm, Claimant/Appellant.
 No. 91-35540.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1993.*
Decided March 12, 1993.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CV-90-318-JLQ; Justin L. Quackenbush, District Judge, Presiding.
 E.D.Wash.
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 1
 Before CANBY and REINHARDT, Circuit Judges, and TASHIMA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Claimant Robert Wilhelm appeals the granting of summary judgment for the government and the denial of his own motion for summary judgment. We reverse the summary judgment and affirm the denial of claimant's motion.
 
 
 4
 The government seized the defendant currency when claimant Wilhelm was arrested at a highway rest area near George, Washington. Wilhelm eventually pleaded guilty to possession with intent to distribute cocaine; his plea was not for conduct on the day of his arrest, but for conduct that occurred several months earlier.
 
 
 5
 The government contends that defendant currency was intended to be furnished in exchange for a controlled substance, and is therefore forfeitable under 21 U.S.C. § 881(a)(6). Wilhelm contends that the money was intended to be provided to his lawyer, with whom he was scheduled to meet the morning after his arrest, for payment of federal income taxes.
 
 I. Summary Judgment for Government
 
 6
 In civil forfeiture, it is the government's initial burden to show probable cause to believe that the defendant property was intended to be involved in an illegal drug transaction; if the government succeeds, the claimant must then demonstrate by a preponderance of the evidence that the property was not so intended. See 19 U.S.C. § 1615; United States v. $5,644,540.00 in U.S. Currency, 799 F.2d 1357, 1362 (9th Cir.1986).
 
 
 7
 In its motion for summary judgment, the government met its burden of showing probable cause. The amount of cash involved, facts surrounding the seizure of the currency, and the affidavit of federal agent Eric Levy regarding the investigation of claimant demonstrate a "reasonable ground for belief" that the currency was intended to be involved in an illegal drug transaction. See Id. at 1362 (probable cause is "reasonable ground for belief").
 
 
 8
 To support his claim that the money was intended for taxes, Wilhelm submitted an affidavit explaining that he had an appointment with his attorney scheduled for the day after his arrest at which he was to turn over money for payment of taxes. His affidavit also describes prior meetings with his attorney to discuss the payment of taxes. Wilhelm explains that the money was with him when he was arrested because he was not planning to return to his home in Idaho, but intended to spend the night in Washington and meet with his attorney the next morning in Spokane.
 
 
 9
 Wilhelm's affidavit precludes summary judgment. A claimant's detailed affidavit presenting an innocent explanation is sufficient, by itself, to create a genuine issue of material fact in an action for civil forfeiture. United States v. Lot 4, Block 5 of Eaton Acres, 904 F.2d 487 (9th Cir.1990). Wilhelm's testimony, if credited by the trier of fact, would constitute a complete defense to forfeiture. The court cannot reject Wilhelm's testimony out of hand simply because he is the claimant. Id. at 492. Summary judgment is reversed.[1]
 
 II. Claimant's Motion for Summary Judgment
 
 10
 Claimant's motion challenges the government's delay in instituting this action as unreasonable. Seizure of the currency occurred on May 25, 1988. Criminal proceedings against Wilhelm concluded with his sentencing on October 3, 1988. The government contends that it administratively forfeited the currency on September 25, 1989. Nevertheless, it decided to proceed with judicial forfeiture sometime prior to late January 1990, but did not commence this action until August 2, 1990.
 
 
 11
 In determining whether such delay constitutes a violation of due process, we apply a four-factor balancing test. United States v. $8,850 in U.S. Currency, 461 U.S. 555 (1983). These four factors are: 1) length of delay; 2) reason for delay; 3) claimant's assertion of his right; and 4) prejudice to the claimant. Id. at 564. No single factor is a necessary or sufficient condition. Id.
 
 
 12
 Here the length of the delay was significant but not per se unreasonable, so the balance of the other factors determines whether the delay violated due process. See id. at 565 (first factor is to some extent a "triggering factor"). If there is a genuine issue of material fact as to one or more of the other factors, the district court was correct to deny the claimant's motion.
 
 
 13
 The second factor, reason for delay, presents such a genuine issue. Particularly with regard to the period after the government decided to proceed with judicial forfeiture and before it instituted this action, the factual record as to the reasons for delay is not well-developed. The due process issue is sufficiently close that resolution of the reason for delay factor will determine whether the claimant is entitled to judgment on due process grounds.
 
 
 14
 This appears to be "a case where there is reason to believe that the better course would be to proceed to a full trial." Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986). We therefore affirm the denial of claimant's motion for summary judgment.
 
 
 15
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In light of this decision, we need not address claimant Wilhelm's motion to correct or modify the district court record. The motion is denied as moot